UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: 6:09-CV-1730-ORL-18DAB

MICHAEL FIGUEROA,

    Plaintiff,

v.

IMAGE RENT A CAR, INC.,

    Defendant.
_____/

## DEFENDANT'S VERIFIED MOTION TO SET ASIDE DEFAULT AND SUPPORTING MEMORANDUM OF LAW

Defendant, Image Rent a Car, Inc., moves the Court to set aside the Clerk default entered in this action and states:

1. Defendant is in the business of renting luxury vehicles in New York, New Jersey and Florida and maintains its corporate office in New York.

2. Defendant was served with a summons and complaint in this action on October 19, 2009, when its registered agent in Florida was served.

3. Defendant's registered agent forwarded the complaint to the Defendant's corporate office which forwarded it to its corporate counsel. Corporate counsel then advised that Florida counsel needs to be retained to handle the case.

4. By the time all this occurred the time to answer the Complaint had elapsed and a default was entered by the Clerk on November 13, 2009.

5. Plaintiff is not due any overtime wages as he did not work more than 40 hours per week while in Defendant's employ. Defendant's trial testimony on that issue will be supported by the Plaintiff's own father.

6. Defendant has always properly paid the Plaintiff and did not willfully violate the FLSA.

7. Cases are meant to be decided on their merits and the short delay in defending this action based on the Defendant's delay in handling the Complaint and retaining Florida counsel will not prejudice the Plaintiff.

Wherefore, Defendant moves to set aside the Clerk's default and to permit the Defendant to Answer and defend the case on its merits.

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 55(c), a Court may set aside an entry of default for good cause. Because there is a strong policy of determining cases on their merits, defaults are viewed with disfavor. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003); Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 233 (N.D. Ga. 1975). To determine whether there is "good cause" to set aside the default, the Court looks at four factors: (1) whether the defaulting party took prompt action to vacate the default; (2) whether the defaulting party provides a plausible excuse for the default; (3) whether the defaulting party presents a meritorious defense; and (4) whether the party not in default will be prejudiced if the default is set aside. Turner Broad. Sys., Inc. v. Sanyo Elec., Inc., 33 B.R. 996, 1001 (N.D. Ga. 1983), aff'd, 742 F.2d 1465 (11th Cir.1984).

In the case at bar, Defendant has moved to set aside the default only a few weeks after its entry. The default was entered simply because the Complaint went from Defendant's registered agent in Florida to Defendant's corporate office in New York, to its New York lawyer and then Defendant learned it had to retain Florida counsel and promptly did so. There is a meritorious defense in this case as Plaintiff is not due any overtime wages, much less liquidated damages for an alleged willful violation of the FLSA. Lastly, other than having to litigate the case on the merits, the short delay experienced by the Plaintiff in this case will not cause the Plaintiff any prejudice.

## CONCLUSION

Based on the foregoing, the Default entered by the Clerk should be set aside to allow the Defendant to file an Answer.

## VERIFICATION

Under penalties of perjury, I declare that I have read the facts stated in this motion and they are true and correct. Dated this December 1, 2009.

_____
Gad Sebag, President of Image
Rent a Car, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that

the foregoing document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

> By: Mark Goldstein, Esq.
> Fla. Bar No: 882186
> Email: mgoldstein@wolfelawmiami.com
> Wolfe & Goldstein, P.A.
> 100 S.E. Second Street, Suite 3300
> Miami, Florida 33131
> Tel: 305-381-7115 /   Fax: 305-381-7116