UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL FIGUEROA, on his
own behalf and others similarly situated,

Plaintiff,   CASE NO.: 6:09-cv-1730-Orl-31GKS

v.

IMAGE RENT A CAR, INC., a Foreign Profit
Corporation,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rules for the Middle District of Florida, Plaintiff, MICHAEL FIGUEROA ("Plaintiff"), requests the entry of an Order striking Defendant's First [Defendant's Answer at ¶ 30] Defense, Second [Defendant's Answer at ¶ 31] Defense, and Fifth [Defendant's Answer at ¶ 34] Affirmative Defense and states:

**<u>MOTION TO STRIKE</u>**

1. Plaintiff brings this action to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. Plaintiff asserts that Defendant failed to properly pay him for all hours worked in excess of forty (40) within a work week.

3. Defendant's First Affirmative Defense to Plaintiff's Complaint states that, "Plaintiff is not an individual covered by the FLSA because he was not engaged in interstate commerce, or in the production of goods for interstate commerce." Defendant's Answer and

Affirmative Defenses at ¶ 30. Defendant's Second Affirmative Defense to Plaintiff's Complaint states that, "On information and belief and subject to verification through the Defendant's accounting records, Defendant is not an employer subject to the annual gross volume of sales made or business done in excess of $500,000." Defendant's Answer and Affirmative Defenses at ¶ 31. Defendant's Fifth Affirmative Defense to Plaintiff's Complaint states that, "Any claim for overtime pay by the Plaintiff must be offset by the damages caused to the Defendant during Plaintiff's employment." Defendant's Answer and Affirmative Defenses at ¶ 34. Simply put, these affirmative defenses must be stricken because they are not recognized as valid defenses under the FLSA.

4. Pursuant to Local Rule 3.01(g), undersigned counsel for the Plaintiff certifies that a reasonable effort has conferred with counsel for the Defendant in a good faith effort to resolve the issues raised by the Motion, but that the parties were unable to resolve same.

5. WHEREFORE, Plaintiff, MICHAEL FIGUEROA, requests the entry of an Order striking Defendant's First, Second and Fifth Affirmative Defenses to Plaintiff's Complaint.

## MEMORANDUM OF LAW

### I. STANDARD ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

The Court has broad discretion in considering a motion to strike under Fed.R.Civ.P. 12(f). *See Williams v. Eckerd Family Youth Alternative,* 908 F.Supp. 908, 910 (M.D.Fla.1995). Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Thus, a defense will be stricken if it is insufficient as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F.Supp. 992, 1000 (M.D.Fla.1976). "A defense is insufficient as a

matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *See Anchor Hocking Corp., supra*.

In addition, affirmative defenses must comply with the general pleading requirements of Fed.R.Civ.P. 8(a), which requires "a short and plain statement" of the asserted defense. Fed.R.Civ.P. 8(a). The rule does not obligate a defendant to set forth detailed and particular facts, but requires only that the defendant give "fair notice" of the defense and "the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

On the other hand, the party raising the affirmative defense "must do more than make conclusory allegations." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.Fla.2002). Where the affirmative defenses are no more than "bare bones conclusory allegations, [they] must be stricken." *Microsoft Corp. v. Jesse's Computers & Repair, Inc., supra.*

In *Microsoft Corp., supra.*, the defendant "failed to allege any facts whatsoever in support" of its affirmative defense. *Microsoft Corp.*, 211 F.R.D. at 684. The court found that its affirmative defense fell "woefully short" of the liberal pleading requirements of Rule 8.

By its very definition, "[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.*, 647 F.Supp. 544, 547 (S.D.Ga.1986). Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir.1988).

Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint. *See Byrne v. Nezhat,* 261 F.3d 1075, 1129 (11th

Cir.2001); *Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. Coll.*, 77 F.3d 364, 367 (11th Cir.1996).

For the reasons that follow, the Court should strike Defendant's First, Second and Fifth Affirmative Defenses to Plaintiff's Complaint.

## II. <u>DEFENDANT'S FIRST AND SECOND AFFIRMATIVE DEFENSES—LACK OF AN ELEMENT OF PLAINTIFF'S PRIMA FACIE CASE</u>

Defendant's First and Second Affirmative Defenses [Defendant's Answer at ¶ 30 and 31] assert that Plaintiff's complaint fails, because he is not individually covered by the FLSA and the Defendant is not subject to enterprise coverage. Inasmuch as these defenses point out alleged insufficiencies in Plaintiff's complaint they are inappropriately plead and should be struck.

Simply put, Defendant's First and Second Affirmative Defenses are simply a statement that alleges a defect in the plaintiff's case is a denial, not an affirmative defense. *See Westfield Ins. Co. v. Northland Ins. Co.,* No. 08-80748-CIV, 2008 WL 4753994, at * 2 (S.D.Fla. Oct. 28, 2008); *Bluewater Trading LLC v. Willmar USA, Inc.,* No. 07-61284-CIV, 2008 WL 4179861, at * 2 (S.D.Fla. Sept. 9, 2008). By its very definition, "[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc*., 647 F.Supp. 544, 547 (S.D.Ga. 1986). Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988).

When an answer contains a "failure to state a claim" defense, as here, and the complaint states a claim for relief, the better practice is to strike the asserted defense. *See* 5C Wright & Miller § 1381 (3d ed.2004). Thus, courts within this Circuit have done so. *See Vallesillo v. Remaca Truck Repairs, Inc*., 2009 WL 4807397, at *4 (S.D.Fla. 2009)(striking affirmative defenses which simply denied Plaintiff's claim or a portion thereof); *see also Lima v. Heng Xian,*

4

*Inc.*, 2009 WL 4906374, at *1 (S.D.Fla. 2009)(same); *see also Alarcon v. United Construction Group of Miami, Inc.*, 1:09-cv-23010 (S.D.Fla. December 21, 2009)(same).

Defendant's First and Second Affirmative defenses therefore necessary fail, because they do not admit essential facts of Plaintiff's complaint herein. Rather, they simply assert that Plaintiff cannot meet his burden of proof to establish his right to damages pursuant to the FLSA.

Therefore, the Court should strike Defendant's First and Second Affirmative Defenses.

### III.   DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE – GENERALIZED ALLEGATIONS OF OFFSET

Similarly, Defendant's Fifth Affirmative fails because it is factually bare. Defendants' Fifth Affirmative Defense states, "Any claim for overtime pay by the Plaintiff must be offset by the damages caused to the Defendant during Plaintiff's employment." Inasmuch as Defendants' Fifth Affirmative Defense asserts, in a conclusory manner, that Defendants are entitled to an offset/set-off against amounts due and owing to Plaintiff for his FLSA claims, under the black letter law of the Southern District of Florida, this defense necessarily fails and should be stricken. *See Lima,* 2009 WL 4906374; *see also Jorge v. Sunnyside Apartments, Inc.*, 2007 WL 4150956 (M.D.Fla. 2007).

In *Jorge v. Sunnyside Apartments, Inc.*, supra, the Court held that where, as here, the Defendants fail to allege any facts to support a set-off affirmative defense, and merely make broad assertions that set-offs are applicable to Plaintiff's FLSA case to reduce the value of his claim, the affirmative defense is legally insufficient and should be struck.

In the instant case, Defendants fail to identify any specific facts supporting an affirmative defense of offset, and therefore fail to give Plaintiff fair notice of the grounds on which it rests. Therefore, as a matter of law Defendants' Fifth Affirmative Defense should be struck. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314 (S.D.Fla. 2005).

For the reasons set forth above, the Court should strike Defendant's Fifth Affirmative Defense as well.

## CONCLUSION

The affirmative defenses alleged by Defendant which are the subject of this Motion do not exist to oppose claims made under the FLSA. As a matter of both law and fact, these defenses are legally and factually insufficient and there exists no currently known set of facts which Defendant can establish to support such defenses.  Thus, these defenses should be stricken.

Respectfully submitted this 31st  day of  December 2009.

s/ ANDREW FRISCH
Andrew Frisch, Esquire
FL Bar No.:  27777
MORGAN & MORGAN
6824 Griffin Road
Davie, Fl 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of December 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                **s/ ANDREW FRISCH**
                                                Andrew Frisch, Esquire