# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL FIGUEROA on his own behalf
and others similarly situated,**

                  **Plaintiff,**

**-vs-**                                  **Case No. 6:09-cv-1730-Orl-31DAB**

**IMAGE RENT A CAR, INC. a foreign
profit corporation,**

                  **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO STRIKE THE AFFIRMATIVE DEFENSES (Doc. No. 26)**
>
> **FILED:**       **December 31, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla.1995) (citing cases). As this standard is rarely met, "[m]otions to strike are generally disfavored by the Court and are often

considered time wasters." *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D.Fla.1996). The instant motion is no exception. As other courts have noted:

> While the Plaintiff may be technically correct that the matters designated in the Defendant's Answer as "Affirmative Defenses" may be statements of the law or similar statements of Defendant's position in defending against Plaintiff's claim, and may not be technically affirmative defenses as contemplated by Rule 8 of the Federal Rules of Civil Procedure, they serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues which Defendant intends to assert against Plaintiff's claims. If and when the case is tried, the Court will appropriately deal with the affirmative defenses.

*Inlet Harbor Receivers, Inc. v. Fidelity Nat. Property & Cas. Ins. Co.*, 2008 WL 3200691, 1 (M. D. Fla. 2008), *quoting Qualley v. Am. Bankers Ins. Co. of Fla.*, Case No. 03-20228-CIV-HUCK/TURNOFF, slip op. (S.D. Fla. Apr. 16, 2003).

As the resolution of the Fair Labor Standards Act issues presented by the affirmative defenses here necessarily involve factual determinations as to the nature of the employment and exactly what was paid and/or owed, the Court cannot say that the defenses have no possible relationship to the controversy and no prejudice is apparent to awaiting a resolution on the merits. The motion is denied. *See Tibensky v. C.D.C. Acquisition Corp.*, 2005 WL 1949825, 1 (M.D. Fla. 2005).

**DONE** and **ORDERED** in Orlando, Florida on January 12, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record