**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL FIGUEROA on his own behalf**
**and others similarly situated,**

        **Plaintiff,**

**-vs-**                                              **Case No.  6:09-cv-1730-Orl-31DAB**

**IMAGE RENT A CAR, INC. a foreign**
**profit corporation,**

        **Defendant.**

_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR DEFAULT JUDGMENT (Doc. No. 52)**
>
> **FILED:**       July 8, 2010
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Despite being docketed as a "Motion for Entry of Clerk's Default," and entitled "Motion for Default Judgment," the motion does not properly support the entry of either relief, and is therefore **DENIED.**

Notwithstanding this denial, the motion serves as notice that Defendant Image Rent a Car, Inc. (herein "Image") has not complied with the Court's Order to Show Cause.  As such, it is **respectfully recommended** that a judicial default (not a Clerk's default) be entered, as set forth herein.

On June 21, 2010, the Court Ordered Image to show cause why its pleadings should not be stricken and a default be entered against it for abandonment of its defense (Doc. No. 48). As set forth in the Order, Image has failed to respond to discovery, failed to respond to the motion to compel discovery, and has failed to cooperate with its counsel in order to defend the action. In addition to requiring Image to show cause, the Court ordered that Image respond to the propounded discovery. According to the instant motion, Image has not responded to the discovery, as ordered, and no response to the show cause Order has been filed. Thus, the record shows that Image has failed to respond to discovery, failed to respond to motions, failed to comply with a Court Order directing discovery, and failed to cooperate with counsel.

The Court has ample authority to strike pleadings and enter a default for violation of discovery orders. *See, e.g.,* Rule 37, Federal Rules of Civil Procedure. Moreover, the district court possesses the inherent power to police its own docket. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962). This includes the authority to sanction a party or counsel, under a variety of circumstances, upon a finding of bad faith. *See, generally, In re Sunshine Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) ("Federal courts have the inherent power to impose sanctions on parties, lawyers, or both."). Even so, the Eleventh Circuit Court has cautioned that the ultimate sanction of dismissal or default should not be imposed except in the most compelling of circumstances, usually upon the failure of lesser sanctions. *See, e.g. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("The dismissal of a party's complaint or answer, or striking its defenses, as a sanction ... is a heavy punishment appropriate only as a last resort, when less drastic

sanctions would not ensure compliance with the court's orders" ( internal quotation omitted).) Here, the record leaves no doubt that Image has abandoned its defense and entry of a default is appropriate.[1]

It is **respectfully recommended** that the Answer of Image be **stricken** and a **default** be entered against Image. Plaintiff should be directed to file appropriate papers to seek a default judgment within 14 days of any Order adopting this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 14, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] In view of Image's continual failure to respond to motions or Orders, or to cooperate with its own counsel, the Court finds lesser sanctions will not suffice, but will likely, too, be ignored.

-3-