UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:09-cv-1730-Orl-31GKS

MICHAEL FIGUEROA, on his
own behalf and others similarly situated,

    Plaintiff,

v.

IMAGE RENT A CAR, INC., a Foreign
Profit Corporation, and JOSE FELIX,

    Defendants.
_____/

## DEFENDANT FELIX'S RESPONSE TO ORDER TO SHOW CAUSE

Defendant, Jose Felix, responds to the Court's Order to Show Cause of August 30, 2010 (DE 58), and states:

1.    Plaintiff filed this Fair Labor Standards Act ("FLSA") claim for supposed unpaid overtime wages due him by his former employer Defendant Image Rent-a-Car ("Image"). Plaintiff never advised his employer Image of any wage claim at any time during his employment and in fact, Plaintiff, who was incarcerated before his employment with Image, was actually supervised by his father, Oswaldo Figueroa, at the Orlando Image location.

2.    Plaintiff has now sued Defendant Jose Felix, who was employed by Image in its Ft. Lauderdale office. Defendant Felix has denied that he owned or controlled Defendant Image. (D.E. 51 No. 5)[1] or that he made any employment decisions for any of the local Image offices. (D.E. 51 No. 5). Therefore, Defendant Felix is not an employer

---

[1] See Fed. R. Civ. P. 8(b)(5).

subject to FLSA and has little information regarding Plaintiff's employment. (See D.E. 51, No. 33).

3. On June 30, 2010, Plaintiff propounded discovery to Mr. Felix requesting information and documents pertaining to his employment at Defendant Image. On August 10, 2010, Plaintiff filed a motion to compel discovery. Felix was only recently joined in the lawsuit as a Defendant and only answered the Complaint on June 23, 2010.

4. Defendant Felix provided responses to Plaintiff's discovery on August 30, 2010. Defendant Felix did not oppose Plaintiff's motion to compel pursuant to Loc. R. 3.01(b) since he had no legal authority to oppose the request.

5. This Court issued its show cause order on August 30, 2010, the same date discovery was produced by Defendant. No prior court order has been entered against Defendant Felix regarding this or any other discovery.

6. In this instance, Defendant Felix's discovery responses were filed late, but there was no deliberate attempt to avoid compliance with the rules of civil procedure. Defendant Felix's counsel asserts he was unable to confer with his client because Mr. Felix was on vacation and was traveling for work during the past two months.

7. Defendant Felix has limited funds to pay for the defense of this action and Plaintiff's canned discovery requests (request for admissions, interrogatories and document request) took much time and effort to respond to.

## MEMORANDUM OF LAW

Fed. R. Civ. P. 37 provides a two tiered method for the imposition of sanctions against a party for failing to provide discovery responses. Fed.R.Civ.P. 37(a)(4)(A) provides, that no sanctions shall be awarded if:

the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In this case, there was no court order which Defendant Felix violated. Further, there is no reason why an order compelling production of the documents would not be adequate.

The Eleventh Circuit Court has only upheld the imposition of severe sanctions where it has found willful contempt of several court orders. In Malautea v. Suzuki Motor Co., 987 F.2d 1536, (11th Cir. 1993), the Court affirmed the entry of a default judgment against Defendant Suzuki after it failed to comply with three discovery orders. The lower court concluded that Defendant's objections were frivolous and prejudiced the Plaintiff since it was "part of a plan to obstruct the Plaintiff's discovery attempts". *Id.* at 1540. In this case, no prior court orders have been entered against Defendant Felix and he provided discovery within 30 days of the due date. Moreover, the striking of pleadings based on a violation of a single court order is generally unwarranted. United States Freight Co. v. Penn Central Transportation Co., 716 F.2d 954, 954 (2d Cir. 1983).

In the instant case, there is no evidence that Defendant failed to comply with a court order, deliberately failed to respond to any discovery request, or deliberately intended to circumvent the rules of civil procedure. More significant is the fact there is no prejudice to the Plaintiff since the Defendant has little to no information to produce.

Lastly, the striking of pleadings and entry of default judgment is a draconian sanction which is only to be used as a last resort. See Navarro v. Cohan, 856 F. 2d 141, 142 (11th Cir. 1988); Parrott v. Wilson, 707 F.2d 1262, 1273 n.26 (11th Cir. 1983) (striking a defense "should remain a sanction of last resort, applicable only in most extreme circumstances").

CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on Andrew Frisch, Esq., Morgan & Morgan, 6824 Griffin Road, Davie, Florida 33314, via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>/s Mark Goldstein</u>
Mark Goldstein, Esq.
Fla. Bar No: 882186
111 N.E. First St., Third Floor
Miami, FL 33132
(305) 390-2341