**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MICHAEL FIGUEROA,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:09-cv-1730-Orl-31DAB**

**IMAGE RENT A CAR, INC. and JOSE FELIX,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 57)**
>
> **FILED:** August 17, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

The motion seeks the entry of final default judgment against the corporate Defendant, Image Rent a Car, Inc. ("Image"). As the case is proceeding against co-Defendant Jose Felix, the Court **recommends** that the motion be **denied, without prejudice,** for the reasons set forth below.

*Background*

Plaintiff filed his Complaint alleging violations of the Fair Labor Standards Act ("FLSA") against Image, and subsequently filed an Amended Complaint, adding Defendant Jose Felix ("Felix")

and pleading the identical claim against "Defendants." On June 21, 2010, the Court Ordered Image to show cause why its pleadings should not be stricken and a default be entered against it for abandonment of its defense (Doc. No. 48). Upon a finding that Image had failed to respond to discovery, failed to respond to motions, failed to comply with a Court Order directing discovery, and failed to cooperate with counsel, the undersigned recommended that the Answer of Image be stricken and a default entered against it (Doc. No. 53). No objections were filed and the District Court adopted the Report and Recommendation, struck the Answer filed by Image and entered a default against it (Doc. No. 54). The instant motion followed.

As for Felix, Plaintiff moved for entry of a clerk's default following his failure to timely respond to the Amended Complaint, and the Clerk obliged (Doc. No. 49, 50). The same date the clerk's default was entered, Felix filed his Answer and Affirmative Defenses (Doc. No. 51). Although no motion to vacate the Clerk's default has been filed, it appears that the parties have treated the default as vacated, and Plaintiff filed a motion to compel Felix to respond to discovery (Doc. No. 56). No response to the motion to compel was filed and the Court granted it, as unopposed, and further ordered Felix to show cause why his Answer should not be stricken and a default entered for abandonment of his defense.[1] Felix has filed a Response (Doc. No. 59) indicating that the discovery has since been provided, and although "Defendant Felix's discovery responses were filed late . . .there was no deliberate attempt to avoid compliance with the rules of civil procedure." *Id.* Felix's counsel further asserts that he was unable to confer with his client "because Mr. Felix was on vacation and was traveling for work during the past two months." *Id.* The Response also refers to the Answer filed by Felix, which purports to present a defense on the merits of the Amended Complaint.

---

[1] The show cause Order noted Felix's failure to respond to discovery, failure to respond to the motion to compel, and defense counsel's admission that he was "unable to reach Defendant."

### *The Order to Show Cause*

According to the Response, the discovery has now been provided and Felix does wish to present a defense. While Felix represents that he did not deliberately attempt to avoid compliance with the rules of civil procedure, the record establishes that Felix has, in fact, failed to comply with the letter and spirit of the rules throughout his defense, as evidenced by his belated answer, his tardy discovery responses, and his failure to communicate with his counsel for two months. Nevertheless, as Felix correctly notes, striking pleadings is a sanction of last resort and there is a strong preference for deciding issues on the merits. As Felix now represents that he desires to defend this case, absent a showing of undue prejudice to Plaintiff, the Court discharges the show cause Order, and **vacates** the Clerk's default.

### *The motion for default judgment*

With respect to the motion for entry of default judgment, generally, of course, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The general rule, however, is not without exception. Thus, as here, in cases involving more than one defendant, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed.60 (1872). Moreover, if the plaintiff prevails on liability against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant. *Frow*, 15 Wall. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike– the defaulter as well as the others. If it be

>   decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. at 554.

This prohibition against logically inconsistent judgments does not apply only to cases where liability is deemed to be joint. In this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.,* 740 F.2d 1499, 1512 (11th Cir. 1984) (*citing* C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06). This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments. *See e.g., Centimark Corp. v. A to Z Coating & Sons, Inc.*, 2007 WL 4557247 (M.D. Fla. 2007), *affirmed*, 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); *Temporary Services Insurance Ltd. v. O'Donnell*, 2008 WL 2730997, 1 (M.D. Fla.2008) (slip opinion-- declining to enter default judgment against some defendants where other claims remained against other defendants, noting: "the risk of inconsistent judgments"); *Politano v. Ott,* 2008 WL 4104137 (M.D. Fla. 2008).

Here, regardless of whether the liability is deemed joint or several, the defendants are certainly similarly situated, as Plaintiff has alleged that both Image and Felix were his employer under FLSA and the Amended Complaint consists solely of a single count pled against both. As such, *Frow* applies. *See also* Rule 54(b), Fed. R. Civ. P. (noting that the Court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay.") It is therefore **respectfully recommended** that the motion for default final judgment be **denied, without prejudice,** pending the conclusion of the case against Felix.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 10, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy